IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BTG INTERNATIONAL, INC., | § | |
| Plaintiff, | § | CIVIL ACTION |
| | § | |
| | § | 2:08-cv-482 |
| vs. | § | |
| | § | |
| SAMSUNG ELECTRONICS CO. LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., SAMSUNG | § | |
| TELECOMMUNICATIONS AMERICA, | § | JURY TRIAL |
| LLC, SAMSUNG SEMICONDUCTOR, | § | |
| INC., and SAMSUNG AUSTIN | § | |
| SEMICONDUCTOR, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Plaintiff BTG International, Inc., ("BTG") files this Original Complaint for infringement of U.S. Patent No. 5,764,571 ("the '571 Patent"), U.S. Patent No. 5,872,735 ("the '735 Patent"), U.S. Patent No. 6,104,640 ("the '640 Patent"), and U.S. Patent No. 6,188,692 ("the '962 Patent") (collectively, "the Patents-in-Suit") under 35 U.S.C. § 271. Copies of the Patents-in-Suit are attached as Exhibits A–D.

## PARTIES

1.  Plaintiff BTG is a corporation existing under the laws of the state of Delaware and has its headquarters at Five Tower Bridge, 300 Barr Harbor Drive, West Conshohocken, Pennsylvania 19428-2998.

2.  Upon information and belief, Defendant Samsung Electronics Co. Ltd. ("Samsung Electronics") is, and at all relevant times mentioned herein was, a corporation organized under the laws of South Korea, with its principal place of business at 250, Taepyeongo 2-ga, Jung-gu, Seoul, South Korea. Samsung Electronics Co. Ltd. manufactures Multi-Level Cell ("MLC")

1

flash memory chips and consumer electronic products containing such memory chips, imports such memory chips and products into the United States, and sells and/or offers for sale its MLC flash memory chips and products containing such memory chips through out the United States and, more particularly, in the Eastern District of Texas.

3.     Upon information and belief, Defendant Samsung Electronics America, Inc. ("Samsung Electronics America") is, and at all relevant times mentioned herein was, a subsidiary of Samsung Electronics Co., Ltd., incorporated in the state of New York, with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung Electronics America manufactures MLC flash memory chips and consumer electronic products containing such memory chips, imports such memory chips and products into the United States, and sells and/or offers for sale such chips and products through out the United States and, more particularly, in the Eastern District of Texas.

4.     Upon information and belief, Defendant Samsung Telecommunications America, LLC ("Samsung Telecommunications") is, and at all relevant times mentioned herein was, a subsidiary of Samsung Electronics, organized under the laws of the state of Delaware, with its principal place of business at 1301 Lookout Drive, Richardson, Texas 75082.  Samsung Telecommunications manufactures consumer electronic products containing MLC flash memory chips manufactured by Samsung, imports such Samsung products into the United States, and sells and/or offers for sale such products through out the United States and, more particularly, in the Eastern District of Texas.

5.     Upon information and belief, Defendant Samsung Semiconductor, Inc. ("Samsung Semiconductor") is, and at all relevant times mentioned herein was, a subsidiary of Samsung Electronics, incorporated in the state of California, with its principal place of business at 3655 North First Street, San Jose, California 95134.  Samsung Semiconductor manufactures MLC

Austin 47628v3

flash memory chips, imports such memory chips into the United States, and sells and/or offers for sale such chips through out the United States and, more particularly, in the Eastern District of Texas.

6.     Upon information and belief, Defendant Samsung Austin Semiconductor, LLC ("Samsung Austin Semiconductor") is, and at all relevant times mentioned herein was, a subsidiary of Samsung Electronics, organized under the laws of the state of Delaware, having its principal place of business at 12100 Samsung Boulevard, Austin, Texas 78754.  Samsung Austin Semiconductor manufactures MLC flash memory chips, imports such memory chips into the United States, and sells and/or offers for sale such chips through out the United States and, more particularly, in the Eastern District of Texas.  Defendants Samsung Electronics, Samsung Electronics America, Samsung Telecommunications, Samsung Semiconductor and Samsung Austin Semiconductor are sometimes referred to herein collectively as "Samsung."

## JURISDICTION AND VENUE

7.     This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code § 1, *et seq*.  This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

8.     This Court has personal jurisdiction over each Defendant.  Each Defendant has conducted and does conduct business within the State of Texas.  Each Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products in the United States, the State of Texas, and the Eastern District of Texas.  Each Defendant has purposefully and voluntarily placed one or more of its infringing products**,** as described herein, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.  These infringing products have been and continue to be purchased

3

by consumers in the Eastern District of Texas. Each Defendant has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

9. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b)–(c) and 1400(b).

**COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 5,764,571**

10. BTG refers to and incorporates herein the allegations of Paragraphs 1–9 above.

11. United States Patent No. 5,764,571 ("the '571 Patent"), entitled "Electrically Alterable Non-Volatile Memory with N-Bits Per Cell," was duly and legally issued by the United States Patent and Trademark Office on June 9, 1998, after full and fair examination. BTG is the assignee of all rights, title, and interest in and to the '571 Patent and possesses all rights of recovery under the '571 Patent.

12. On information and belief, Samsung, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, MLC flash memory chips, for example, its MLC flash memory chip K9G8G08U0M, has infringed, contributorily infringed, and/or induced infringement of, and are continuing to infringe, contributorily infringe, and/or induce infringement of, one or more claims of the '571 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

13. On information and belief, Samsung, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, consumer electronics products containing Samsung-manufactured MLC flash memory devices, including, but not limited to, its portable MP3 audio products, such as its Model No. Y8-82, digital camcorders, such as its Model No. SC-HMX20C, solid state drives, such as its Model No. MMCQE28GFMUP-MVA, and mobile phones, such as its Model No. SCH-i910, has infringed, contributorily infringed,

4

and/or induced infringement of, and is continuing to infringe, contributorily infringe, and/or induce infringement of, one or more claims of the '571 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

14.  Samsung is also infringing one or more claims of the '571 Patent under 35 U.S.C. § 271(f) by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside the United States in a manner that would infringe the '571 Patent if such combination occurred within the United States.

15.  BTG has at all times complied with 35 U.S.C. § 287.

16.  Samsung has knowledge of the '571 Patent, and has not ceased its infringing activities.  Samsung's infringement of the '571 Patent has been and continues to be willful and deliberate.

17.  BTG has been irreparably harmed by Samsung's acts of infringement of the '571 Patent, and will continue to be harmed unless and until Samsung's acts of infringement are enjoined and restrained by order of this Court.

18.  As a result of Samsung's acts of infringement, BTG has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT 2:  INFRINGEMENT OF U.S. PATENT NO. 5,872,735

19.  BTG refers to and incorporates herein the allegations of Paragraphs 1–18 above.

20.  United States Patent No. 5,872,735 ("the '735 Patent"), entitled "Electrically Alterable Non-Volatile Memory with N-Bits Per Cell," was duly and legally issued by the United States Patent and Trademark Office on February 16, 1999 after full and fair examination.

BTG is the assignee of all rights, title, and interest in and to the '735 Patent and possesses all rights of recovery under the '735 Patent.

21. On information and belief, Samsung, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, MLC flash memory chips, for example, its MLC flash memory chip K9G8G08U0M, has infringed, contributorily infringed, and/or induced infringement of, and are continuing to infringe, contributorily infringe, and/or induce infringement of, one or more claims of the '735 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

22. On information and belief, Samsung, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, consumer electronics products containing Samsung-manufactured MLC flash memory devices, including, but not limited to, its portable MP3 audio products, such as its Model No. Y8-82, digital camcorders, such as its Model No. SC-HMX20C, solid state drives, such as its Model No. MMCQE28GFMUP-MVA, and mobile phones, such as its Model No. SCH-i910, has infringed, contributorily infringed, and/or induced infringement of, and is continuing to infringe, contributorily infringe, and/or induce infringement of, one or more claims of the '735 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

23. Samsung is also infringing one or more claims of the '735 Patent under 35 U.S.C. § 271(f) by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside the United States in a manner that would infringe the '735 Patent if such combination occurred within the United States.

24. BTG has at all times complied with 35 U.S.C. § 287.

Austin 47628v3

25. Samsung has knowledge of the '735 Patent, and has not ceased its infringing activities. Samsung's infringement of the '735 Patent has been and continues to be willful and deliberate.

26. BTG has been irreparably harmed by Samsung's acts of infringement of the '735 Patent, and will continue to be harmed unless and until Samsung's acts of infringement are enjoined and restrained by order of this Court.

27. As a result of Samsung's acts of infringement, BTG has suffered and will continue to suffer damages in an amount to be proved at trial.

### COUNT 3: INFRINGEMENT OF U.S. PATENT NO. 6,104,640

28. BTG refers to and incorporates herein the allegations of Paragraphs 1–27 above.

29. United States Patent No. 6,104,640 ("the '640 Patent"), entitled "Electrically Alterable Non-V[]olatile Memory with N-Bits Per Cell," was duly and legally issued by the United States Patent and Trademark Office on August 15, 2000 after full and fair examination. BTG is the assignee of all rights, title, and interest in and to the '640 Patent and possesses all rights of recovery under the '640 Patent.

30. On information and belief, Samsung, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, MLC flash memory chips, for example, its MLC flash memory chip K9G8G08U0M, has infringed, contributorily infringed, and/or induced infringement of, and are continuing to infringe, contributorily infringe, and/or induce infringement of, one or more claims of the '640 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

31. On information and belief, Samsung, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, consumer electronics products containing Samsung-manufactured MLC flash memory devices, including, but not limited to, its

7

portable MP3 audio products, such as its Model No. Y8-82, digital camcorders, such as its Model No. SC-HMX20C, solid state drives, such as its Model No. MMCQE28GFMUP-MVA, and mobile phones, such as its Model No. SCH-i910, has infringed, contributorily infringed, and/or induced infringement of, and is continuing to infringe, contributorily infringe, and/or induce infringement of, one or more claims of the '640 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

32. Samsung is also infringing one or more claims of the '640 Patent under 35 U.S.C. § 271(f) by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside the United States in a manner that would infringe the '640 Patent if such combination occurred within the United States.

33. BTG has at all times complied with 35 U.S.C. § 287.

34. Samsung has knowledge of the '640 Patent, and has not ceased its infringing activities. Samsung's infringement of the '640 Patent has been and continues to be willful and deliberate.

35. BTG has been irreparably harmed by Samsung's acts of infringement of the '640 Patent, and will continue to be harmed unless and until Samsung's acts of infringement are enjoined and restrained by order of this Court.

36. As a result of Samsung's acts of infringement, BTG has suffered and will continue to suffer damages in an amount to be proved at trial.

### COUNT 4:  INFRINGEMENT OF U.S. PATENT NO. 6,118,692

37. BTG refers to and incorporates herein the allegations of Paragraphs 1–36 above.

38. United States Patent No. 6,118,692 ("the '692 Patent"), entitled "Memory Apparatus Including Programmable Non-Volatile Multi-Bit Memory Cell, and Apparatus and Method for Demarcating Memory States of the Cell," was duly and legally issued by the United States Patent and Trademark Office on September 12, 2000 after full and fair examination. BTG is the assignee of all rights, title, and interest in and to the '692 Patent and possesses all rights of recovery under the '692 Patent.

39. On information and belief, Samsung, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, MLC flash memory chips, for example, its MLC flash memory chip K9G8G08U0M, has infringed, contributorily infringed, and/or induced infringement of, and are continuing to infringe, contributorily infringe, and/or induce infringement of, one or more claims of the '692 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

40. On information and belief, Samsung, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, consumer electronics products containing Samsung-manufactured MLC flash memory devices, including, but not limited to, its portable MP3 audio products, such as its Model No. Y8-82, digital camcorders, such as its Model No. SC-HMX20C, solid state drives, such as its Model No. MMCQE28GFMUP-MVA, and mobile phones, such as its Model No. SCH-i910, has infringed, contributorily infringed, and/or induced infringement of, and is continuing to infringe, contributorily infringe, and/or induce infringement of, one or more claims of the '692 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

41. Samsung is also infringing one or more claims of the '692 Patent under 35 U.S.C. § 271(f) by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the patented invention, where such components are uncombined in

9

whole or in part, in such manner as to actively induce the combination of such components outside the United States in a manner that would infringe the '692 Patent if such combination occurred within the United States.

42.  BTG has at all times complied with 35 U.S.C. § 287.

43.  Samsung has knowledge of the '692 Patent, and has not ceased its infringing activities.  Samsung's infringement of the '692 Patent has been and continues to be willful and deliberate.

44.  BTG has been irreparably harmed by Samsung's acts of infringement of the '692 Patent, and will continue to be harmed unless and until Samsung's acts of infringement are enjoined and restrained by order of this Court.

45.  As a result of Samsung's acts of infringement, BTG has suffered and will continue to suffer damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

BTG prays for the following relief:

A.  A judgment that Samsung has infringed and is continuing to infringe the Patents-in-Suit directly and/or indirectly by way of inducing or contributing to infringement of the Patents-in-Suit, as alleged herein;

B.  A judgment and order requiring Samsung to pay BTG damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final Judgment with an accounting as needed;

C.  A judgment and order requiring Samsung to pay BTG pre-judgment and post-judgment interest on the damages awarded;

D. A judgment and order finding this to be an exceptional case and requiring Samsung to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

E. A judgment and order that Samsung, its agents, employees, representatives, successors and assigns, and those acting in privity or in concert with it, be permanently enjoined from further infringement of the Patents-in-Suit; and

F. Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

BTG hereby demands that all issues be determined by jury.

DATED: December 29, 2008

Respectfully submitted,

/s/   *Mike McKool, Jr.*
Mike McKool, Jr.
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
McKool Smith, P.C.
104 East Houston Street
Suite 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

11

                                    T. Gordon White
                                    Texas State Bar No. 21333000
                                    gwhite@mckoolsmith.com
                                    Gretchen K. Harting
                                    Texas State Bar No. 24055979
                                    gharting@mckoolsmith.com
                                    McKool Smith, P.C.
                                    300 West Sixth Street, Suite 1700
                                    Austin, Texas 78701
                                    Telephone: (512) 692-8700
                                    Telecopier: (512) 692-8744

                                    **ATTORNEYS FOR PLAINTIFF**
                                    **BTG INTERNATIONAL, INC.**

Austin 47628v3