# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| BTG INTERNATIONAL, INC., | § | |
|     Plaintiff, | § | CIVIL ACTION |
| | § | |
| | § | |
| vs. | § | 2:08-cv-482 |
| | § | |
| SAMSUNG ELECTRONICS CO. LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., SAMSUNG | § | |
| TELECOMMUNICATIONS AMERICA, | § | JURY TRIAL |
| LLC, SAMSUNG SEMICONDUCTOR, | § | |
| INC., and SAMSUNG AUSTIN | § | |
| SEMICONDUCTOR, LLC, | § | |
| | § | |
|     Defendants. | § | |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS
ORIGINAL COMPLAINT TO ADD U.S. PATENT NO. 5,394,362**

Plaintiff BTG International Inc. ("BTG") files this Motion for Leave to Amend Its Original Complaint to Add U.S. Patent No. 5,394,362 ("the '362 Patent") to this litigation, and would show as follows:

## I.     INTRODUCTION

On December 29, 2008, BTG filed its Original Complaint against Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, LLC (collectively, "Samsung") alleging infringement of U.S. Patent Nos. 5,764,571, 5,872,735, 6,104,640, and 6,188,692 ("the Patents-in-Suit") under 35 U.S.C. § 271. Since filing its Original Complaint, BTG has determined that Samsung infringes the '362 Patent and, thus, moves for leave to amend its Original Complaint under Rule 15(a) of the Federal Rules of Civil Procedure to add the '362 Patent. Most recently, BTG has filed a complaint against Samsung in the International Trade Commission alleging infringement of the Patents-in-Suit and the '362 Patent by the same devices accused in this litigation. Samsung is unopposed to the relief sought in this Motion.

## II.    ARGUMENT AND AUTHORITIES

### A.     Standard Governing a Rule 15(a) Motion

A court's decision whether to grant a Rule 15(a) motion to amend is committed to the sound discretion of the district court. *Shhivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir. 1987).[1] However, the court's discretion is limited by Rule 15(a), which provides that "leave shall be given when justice so requires." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). A court should not deny a Rule 15(a) motion "unless there is

---

[1] Because a Rule 15(a) motion for leave to amend is a non-patent matter, Fifth Circuit law applies. *See Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1124 (Fed. Cir. 2004) (holding that "this [Rule 15(a) motion for leave to amend] is a nonpatent matter where we apply the law of the circuit in which the district court sits").

substantial reason to do so." *Id.*  In determining whether to grant a Rule 15(a) motion, "a court may consider factors such as whether there has been '*undue delay*, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and *futility of amendment*.'"  *Jacobsen v. Police Officer Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F. 3d 311, 314-15 (5th Cir. 1996) (emphasis added in *In re Southmark*)).

      **B.**    **The Factors Considered in a Rule 15(a) Motion for Leave Favor Granting of This Motion**

          **1.**    **There Has Been No Undue Delay, Bad Faith, or Dilatory Motive on the Part of BTG**

BTG only recently determined that Samsung infringes the '362 Patent.  Upon reaching its conclusion regarding Samsung's infringement of the patent, BTG promptly filed this Motion.  Accordingly, there is no undue delay, bad faith, or dilatory motive by BTG in seeking amendment of its Original Complaint to warrant the Court's denial of BTG's Motion.

          **2.**    **BTG Has Not Previously Amended Its Original Complaint**

BTG has not previously amended its Original Complaint.  Thus, BTG has not repeatedly failed to cure deficiencies in its Original Complaint by amendments previously allowed.  This factor weighs in favor of the Court granting BTG's Motion.

          **3.**    **Samsung Will Not Be Prejudiced by the Amendment**

This case is in its early stages, with the Status Conference having taken place on July 28, 2009.  No Scheduling Order has been entered, and discovery in the case has not begun.  Samsung has been aware of the '362 Patent since prior to the filing of this litigation as a result of written notification provided to Samsung by BTG.  Samsung will suffer no prejudice by the amendment to the Original Complaint adding the '362 Patent.  Thus, this factor weighs in favor of the Court granting BTG's Motion.

### 4. The Amendment Is Not Futile

Given that the case is in its infancy, no *Markman* ruling and the like has been entered. Thus, no rulings or other orders or filings exist in the case that would render futile BTG's addition of the '362 Patent. Accordingly, this factor weighs in favor of the Court granting BTG's Motion.

## III. CONCLUSION

Based on the foregoing, which establishes that the factors a court considers in determining whether to grant a Rule 15(a) motion to amend weigh in favor of granting BTG's Motion, BTG respectfully requests that the Court grant its Motion.

DATED: August 5, 2009                         Respectfully submitted,

/s/     *Mike McKool, Jr.*
Mike McKool, Jr.
Attorney-in-Charge
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
**McKool Smith, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**McKool Smith, P.C.**
104 East Houston Street
Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

                                    T. Gordon White
                                    Texas State Bar No. 21333000
                                    gwhite@mckoolsmith.com
                                    Gretchen K. Harting
                                    Texas State Bar No. 24055979
                                    gharting@mckoolsmith.com
                                    **MCKOOL SMITH P.C.**
                                    300 West Sixth Street, Suite 1700
                                    Austin, Texas 78701
                                    Telephone: (512) 692-8700
                                    Telecopier: (512) 692-8744

                                    **ATTORNEYS FOR PLAINTIFF**
                                    **BTG INTERNATIONAL, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the forgoing document via the Court's CM/ECF system pursuant to the Court's Local Rules this 5th day of August, 2009.

                                    */s/ Gretchen K. Harting*
                                    Gretchen K. Harting

## **CERTIFICATE OF CONFERENCE**

      On August 5, 2009, counsel for BTG and Samsung met and conferred regarding the relief sought in BTG's Motion.  Samsung is not opposed to the relief sought in BTG's Motion.

                                    */s/ Gretchen K. Harting*
                                    Gretchen K. Harting